[No. 1269.]

## Hank Pease *v.* The State.

Aggravated Assault and Battery—Evidence.—See evidence held insufficient to sustain a conviction for aggravated assault and battery,—because the violence used by the accused was in self-defense.

Appeal from the County Court of Ellis. Tried below before the Hon. A. Langley, County Judge.

The indictment charged an aggravated assault and battery upon the person of E. N. Thomas, with a pitchfork, which was alleged to be a deadly weapon. The judge below, trying the case without a jury, found the defendant guilty, and assessed his punishment at a fine of fifty dollars.

James McQuarters was the first witness introduced on behalf

of the State. He testified that during harvest time in June of 1880, he, Swindell McDaniel and E. N. Thomas, *en route* to their harvest field, passed by the house of the defendant. Mr. Thomas inquired of Mrs. Pease, the wife of the defendant, the nearest route, and she pointed in a direction passing through a "truck-patch" belonging to the defendant. The party started, and had got about twenty feet, when the defendant, who was shocking oats near by, exclaimed: "G—d d—n it, don't ride over my patch." The party turned around and went back. The next morning, on their way to the harvest field again, the party was overtaken by a shower of rain near the defendant's house, and they rode up to his barn for shelter. The defendant was then in charge of Mr. Batchelor's race horses. McDaniel and the witness went into the barn first. Thomas rode up to the fence, hitched his horse, came to the stable door, and said to the defendant: "Uncle Hank, I want to have a talk with you about the way you talked to me yesterday." The defendant said: "Well, I don't allow anybody to ride over my truck-patch." Mr. Thomas said: "Your wife told me to go that way," and the defendant replied: "I don't care a d—n what my wife said; you must not do it." Mr. Thomas then said: "If you talk to me that way again, there will be a wool-pulling," and the defendant replied: "If you want a fuss you can get it now." When the defendant made the remark quoted, Mr. Thomas struck him. The defendant put his hand in his pocket, and Thomas exclaimed: "Don't you pull out that knife," at the same time pulling out and opening his own knife. The defendant then went back about fifteen or twenty feet and got a ·six foot pitchfork with iron prongs about a foot long, with which he struck an over-left-handed blow at Thomas, missing him and striking the side of the barn. Thomas dodged, caught the fork and wrested it from the defendant. In the struggle the defendant jabbed the prongs of the pitchfork into both of Thomas's legs, and Thomas stuck his knife into the defendant's hip. The witness stated that there was a pathway through the defendant's truck-patch, which the party traveled. They turned back as soon as ordered by the defendant.

The testimony of E. N. Thomas did not vary materially from that of McQuarters, but he described the language used by the defendant both at the truck-patch and the time of the fracas, as somewhat more violent. He related some transactions between himself and the defendant which transpired on the first day

after the defendant ordered the party off his truck-patch, which would indicate that whatever bad feeling was engendered by that incident had been reconciled, or at least that the parties had dropped the matter. He detailed the subsequent proceedings very much as they were detailed by the witness McQuarters, and stated that he was twenty-seven years of age, and larger than the defendant, who was a man fifty-one years old.

Dick Martin testified for the defense that he was of the party which started through the defendant's truck-patch *en route* to the harvest field. At about a distance of two hundred and fifty or three hundred yards, the witness saw the defendant, who was shocking oats, wave his hand, and heard him halloo to the party to "go around." The next morning, on their way to the harvest field, Thomas proposed to stop at the defendant's barn to escape a shower. McQuarters, McDaniel and Duff went into the barn first. Thomas, who was just in front of the witness, hitched his horse, pulled off his gloves, pushed up his sleeves, went to the barn door, and said to the defendant, who was standing inside: "Hank, what did you mean by talking to me as you did yesterday? If you do it again, there will be a wool-pulling." The defendant said: "I never run out of a fight;" when defendant (?) struck him. The witness heard Thomas exclaim: "Don't you pull out that knife." As Thomas made this remark, he pulled out his own knife, and went in at the barn door, and the witness saw no more of the parties during the difficulty.

James Duff testified, for the defendant, detailing the transaction very much as it was detailed by the witness McQuarters. He stated that when the parties fell in their scuffle over the pitchfork, they were some six or seven feet inside the barn.

The motion for new trial set up:

1. That the judgment was contrary to the law and the evidence.

2. That there was no evidence that the pitchfork, as it was used by the defendant, was a deadly weapon.

3. That all the evidence established the fact that if an assault and battery or an aggravated assault and battery was committed by either party to the difficulty, it was by Thomas and not by the defendant.

4. That the court erred in overruling the defendant's application for a continuance. The motion was overruled and appeal taken. The transcript does not bring up the application for continuance.

*E. P. Anderson,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   Appellant was charged by indictment with aggravated assault and battery.   A jury was waived and the case submitted upon the evidence to the county judge, who found the defendant guilty and assessed his punishment at a fine of $50.

We have given the evidence as set forth in the statement of facts a most careful consideration, and our conclusion is that it does not support the judgment.   Defendant was an old man; he was assaulted and struck by a stout, active and able-bodied young man, of twenty-seven years of age, and only resorted to and used the pitchfork after he had reason to believe that his assailant was about to draw the knife with which he subsequently, whilst they were engaged, inflicted a cut upon him.   Under all the circumstances, the means used by him and manner of its use (viz., the pitchfork) in resisting the assault made upon him were not disproportioned to the character of the assault, or so excessive as to make him liable for an assault himself in resisting it as he did.   We cannot believe that he exceeded the bounds of legitimate self-defense and prevention, and the judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered October 11, 1882.